IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATTHEW MARKOVICK,**

        **Petitioner,**

    v.                         CASE NO. 10-3234-SAC

**ATTORNEY GENERAL OF
THE STATE OF KANSAS,**

        **Respondent.**

## O R D E R

    This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Petitioner has also filed a Motion for Leave to Proceed in forma pauperis with financial information in support that indicates it should be granted.

    Mr. Markovich was convicted, upon his pleas of guilty, in the District Court of Johnson County, Kansas, of the following offenses and sentenced on following dates: 3 counts of giving worthless check and one count of felony theft on May 16, 2007 (06 CR 2918); 2 counts of making a false writing on May 13, 2009 (08 CR 1802); 1 count of felony forgery on May 13, 2009 (08 CR 2634); and 1 count of felony forgery on May 18, 2009 (08 CR 2344). Petitioner alleges that he did not file direct appeals. In his attached exhibits of state motions, he indicated he was precluded from appealing by provisions in his plea agreements.

    Petitioner alleges that on April 26, 2010, he filed a "Motion for Arrest of Judgment" in the trial court in Cases 08 CR 1802, 08 CR 2344 and 08 CR 2634 (08 cases), which he notes "should be construed as Motion to Correct Illegal Sentence." In this motion, which is attached to his federal petition, he claimed ineffective

assistance of counsel, attorney conflict of interest, and illegal sentence. He also argued that all his cases should have been "combined into one" under K.S.A. § 22-3202, which permits joinder of crimes that are "of the same or similar character." This case was docketed as Case No. 10 CV 4927 in the District Court of Johnson County, Kansas. Petitioner alleges that the trial court has made no ruling and "ignored motion."

Petitioner alleges that on June 2, 2010, he filed a "habeas corpus" in the trial court claiming excessive restitution, ineffective assistance of counsel, and illegal sentences.[1] He alleges that no ruling has been made on this petition and the "court is ignoring petition." On September 10, 2010, petitioner filed a Mandamus Petition in the Kansas Supreme Court seeking an order requiring the Johnson County District Court to hear his habeas corpus action, and no ruling has been made.

In his federal petition filed on November 23, 2010, petitioner claims (1) ineffective assistance of counsel in his 08 cases for failing to inform him of permissible joinder of charges and "excessive restitution laws," (2) illegal sentences due to failure to combine 08 cases, and (3) excessive restitution in his 06 and 08 cases.

Mr. Markovich improperly attempts to challenge convictions in four different state criminal cases with sentences imposed on three different dates in this single federal habeas corpus petition. Generally, a state prisoner must file a separate federal habeas

---

[1] Petitioner alleges that this document is included with the Petition, but it is not unless it is his "Motion to Amend Petition" filed in Case No. 10 CV 4927.

petition for each criminal trial or proceeding he seeks to challenge. Mr. Markovich alleges no facts that would exempt him from this general rule. Thus, the court finds that Mr. Markovich must file a federal petition to challenge his convictions and sentences entered on May 16, 2007; a separate petition to challenge his convictions and sentences entered on May 13, 2009; and another separate petition to challenge his conviction and sentence entered on May 18, 2009. The court might ask Mr. Markovich to specify which convictions and sentences he chooses to proceed upon in this petition, and dismiss the others without prejudice. However, it appears that he is not in a position to proceed on any of these challenges at this time in federal court.

Review in federal court of any challenges Mr. Markovich may have had to his convictions and sentences entered in 2007 is clearly time-barred. The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute does provide for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2). However, in order to toll the one-year limitations period, the state action must have been filed before that year expired.

Applying the statutory provisions to the facts of this case, it appears petitioner's convictions on May 16, 2007, "became final" for limitations purposes no more than 14 days later, which was on or about June 1, 2007.[2] The statute of limitations thus began to run on June 1, 2007, and ran through June 1, 2008, with no interruption. This one-year period was not statutorily tolled by the pendency of any "properly filed" motion pursuant to K.S.A. § 60-1507 action or other tolling-type state action, since Mr. Markovich indicates he did not directly appeal, and the first post-conviction motion he filed was in 2010. Petitioner alleges no facts from which this court might find he is entitled to equitable tolling.[3] Accordingly, the court concludes that petitioner's challenges to his 2007 convictions and sentences must be dismissed as time-barred.

With respect to petitioner's 2009 convictions and sentences, it is clear from the face of this federal Petition that Mr. Markovich is in the process of, but has not completed, exhaustion of his state

---

[2] Under K.S.A. § 22-3608(c), Mr. Markovich had 14 days after judgment of sentence to file a notice of direct appeal. Since he did not file a direct appeal, his conviction became final at the expiration of that fourteen-day period. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).

[3] A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 800 (10th Cir. 2000). The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Id. (internal citations omitted); Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). "Simple excusable neglect is not sufficient." Gibson, 232 F.3d at 808.

court remedies.[4] 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. § 2254(b)(1)(B). "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly presented"[5] as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). Petitioner's allegations show that he has presented his claims at the trial court level only and has not received a ruling on those claims. He must complete post-conviction proceedings in the state district court; if relief is denied by that court he must appeal to the Kansas Court of Appeals; and if that court denies relief he must file a Petition for Review by the Kansas Supreme Court. His filing of a Petition for Mandamus seeking a ruling on actions pending in state district court does not

---

[4] It also appears that he did not exhaust state court remedies on challenges to his 2007 sentences.

[5] If petitioner has not followed proper procedures for raising his claims in state court, his state actions may not have been "properly presented."

5

constitute full and proper exhaustion of all available state court remedies on his claims. The court finds that petitioner has not shown that he has exhausted the available state court remedies on his 2009 convictions and sentences. The court further finds that petitioner's allegations that no ruling has been made on matters pending in state court after several months are simply not sufficient to demonstrate that state court remedies are unavailable or ineffective. Accordingly, the court concludes that petitioner's challenges to his 2009 convictions and sentences must be dismissed, without prejudice, for failure to exhaust state court remedies.

The court cannot determine from the materials filed by Mr. Markovich and the on-line state appellate court records, whether or not his 2009 convictions and sentences are also be time-barred. These sentences were entered in May 2009, and no direct appeal was filed within the normal time limit. However, it appears that, at least in Case 08CR2344, Mr. Markovich filed a Motion to Docket Appeal out of Time, which was granted by the Kansas Court of Appeals on November 4, 2010 (Appellate Case No. 105100). This means that the conviction in that case anyway has not yet become "final." See Jimenez v. Quarterman, 555 U.S. 113, 129 S.Ct. 681, 686 FN4 (2009)("[W]here a state court has in fact reopened direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal.").[6] Petitioner is

---

[6] The court has considered materials submitted by petitioner docketed as a Supplement (Doc. 4), which include a letter he received from the Kansas Appellate Courts stating that his appeal in Case No. 10 CV 4097 cannot be docketed because he has not provided a certified copy of the judgment appealed from. Mr. Markovich's failure to comply with appellate docketing requirements does not establish either that he has exhausted or that the state remedies are inadequate. In any event, petitioner's allegations indicate that no ruling has been made by the Johnson County District Court in Case No. 10 CV 4097. Thus no judgment has been entered from which he might appeal.

forewarned that the pendency of a premature federal habeas corpus petition, like this one, does not toll the federal statute of limitations. It is only a properly filed state motion that has such a tolling effect. Mr. Markovich must be diligent and vigilant in fully and properly pursuing all his state court remedies and in immediately filing any federal habeas corpus petition once he has actually exhausted his state court remedies.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this petition for writ of habeas corpus is dismissed and all relief is denied, without prejudice.

**IT IS SO ORDERED**.

Dated this 5th day of January, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge