# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MATTHEW MARKOVICH,**

        **Petitioner,**

    v.                                   CASE NO. 10-3234-SAC

**ATTORNEY GENERAL OF**
**THE STATE OF KANSAS,**

        **Respondent.**

## O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was dismissed by order and judgment dated January 5, 2011. On January 11, 2011, petitioner submitted a document entitled "Response to Court's Order and Request for Counsel." However, no response was required to the court's Order of Dismissal. Petitioner recently sent correspondence directly to the undersigned judge. Therein, he states that he "immediately requested reconsideration" and seeks a ruling on his "motion for reconsideration." In addition, he provides "an update" in his letter on the pending state habeas proceedings.

The clerk is bound to file documents as submitted. The document submitted by petitioner on January 11, 2011, was entitled "Response to Court's Order and Request for Counsel," and requested appointment of counsel so that he could "counter the Court's findings." It was not entitled "Motion for Reconsideration." He did ask in the body of this document "that his petition be reinstated." However, the clerk is not required to parse all the language in a document to determine what the petitioner may have intended to file, when he has entitled his filing a "Response." Since Mr. Markovich now makes clear that he intended for his first

post-judgment document to be a motion for reconsideration, it will be construed as such by the court.

It is inappropriate for any litigant to correspond directly with the judge assigned to his or her case. Instead, any material a litigant wants to have considered by the judge in a case must be put in a motion and submitted to the clerk's office for filing in that case. The motion must state what action the litigant is asking the court to take. Mr. Markovich is also reminded that any motion or supplement he files in a case must have the caption and case number at the top of the first page. The letter recently sent to the undersigned Judge was not presented as a motion and was not submitted to the clerk's office for filing. However, the court will construe it as a Supplement to petitioner's Motion for Reconsideration and direct the clerk to file it as such.

In his "Response" now treated as a Motion for Reconsideration, petitioner disagrees with the court's ruling that he may only challenge convictions from a single criminal case in a single habeas corpus petition, and that he must file separate petitions to challenge convictions and sentences imposed on three different dates in four different state criminal cases. He does not state sufficient facts or present convincing authority indicating that this finding was erroneous or that would otherwise entitle him to reconsideration of the court's order and judgment in this regard. Mr. Markovich's bald statement that these matters are "all related" is not supported by any facts. Thus, the court is not convinced that all charges, which obviously arose from his commission of different offenses on different dates, may be challenged in a single federal habeas corpus petition. These matters were dismissed

without prejudice, and were not considered on the merits in this petition.

Petitioner also disagrees with the court's holding that any challenges he may have had to his state convictions and sentences entered in 2007 are clearly time-barred. However, he incorrectly assumes that the court held that his challenges to all his convictions were held to be time-barred. The court did not hold that his 2009 convictions were time-barred. Petitioner has alleged no facts showing that he filed any post-conviction motion between June 1, 2007, and June 1, 2008, which is the one-year period that the statute of limitations was running on his 2007 convictions. Despite petitioner's argument to the contrary, a state post-conviction petition does not toll the running of a statute of limitations that had already expired at the time the state action is filed. Thus, the court finds that no reason is alleged or exists for reconsideration of its ruling that petitioner's challenges to his 2007 convictions and sentences are time-barred.

In any event, petitioner's motion for reconsideration regarding this ruling is, in effect, a second and successive federal habeas corpus petition over which this court has no jurisdiction, unless Mr. Markovich obtained authorization from the Tenth Circuit Court of Appeals before its filing. There is no indication that he sought and received such authorization. This court could transfer this action to the Circuit for their consideration of whether or not it should be authorized. Since the matter is time-barred, the court finds that the interests of justice would not be served by such a transfer. It follows that this portion of petitioner's motion is dismissed for lack of jurisdiction.

With respect to petitioner's 2009 convictions and sentences, this court found it clear from the face of the petition that Mr. Markovich had not exhausted state court remedies. Mr. Markovich disagrees with this ruling by arguing that he showed that his state court remedies are ineffective. Petitioner's allegations in his Motion for Reconsideration and Supplement substantiate, rather than refute, the court's finding that he had not exhausted the available state court remedies. He has a state post-conviction motion currently pending in state court, has been appointed counsel, and matters have been scheduled in that pending case. His claim that this state court remedy is ineffective is based upon the state district court's delay, which in his opinion is inordinate, in hearing and deciding his pending motion. Petitioner argues that a delay of several months to a year is presumptively prejudicial. While a delay of over a year in a direct criminal appeal may have been determined by the Circuit Court to be presumptively prejudicial, this court is presented with no authority that the delay in this state collateral proceeding has rendered petitioner's state post-conviction remedy ineffective. The court concludes that no reason has been alleged or exists for this court to reconsider its ruling that petitioner's challenges to his 2009 convictions and sentences have not been fully exhausted in state court.

Moreover, this court is not an appellate court for the state district courts, and has no authority to compel speedier proceedings in those courts. Mr. Markovich dismissed his mandamus petition to the state appellate courts in apparent satisfaction that the lower court action was proceeding.

Petitioner requests appointment of counsel and alleges he will

consider it a denial of due process if the court does not grant this request. There is no due process right to appointment of counsel in a federal habeas corpus proceeding, and certainly not a dismissed one. The court finds that petitioner is not entitled to counsel to assist him in arguing this post-judgment motion, which has no factual or legal basis.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Response (Doc. 7) is construed as his Motion for Reconsideration (Doc. 7), his letter to the undersigned judge dated March 24, 2011, is construed as a Supplement to his Motion for Reconsideration, and the clerk is directed to file petitioner's letter dated March 24, 2011, as a Supplement to his Motion for Reconsideration.

**IT IS FURTHER ORDERED** that petitioner's Motion for Reconsideration (Doc. 7) and Motion to Appoint Counsel (Doc. 8) are denied.

**IT IS SO ORDERED.**

Dated this 8th day of April, 2011, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge